**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Robert Michael STEVENSON,**
Respondent.

**No. 2000–SC–0290–KB.**

Supreme Court of Kentucky.

Sept. 28, 2000.

## OPINION AND ORDER

Respondent, Robert Michael Stevenson, whose last known address was 9909 Glenda Ct., Louisville, Kentucky, 40202, was admitted to the practice of law in the Commonwealth of Kentucky on November 4, 1988. The instant action consolidates for consideration three separate complaints against Respondent—KBA file number 7597, KBA file 7600, and KBA file 7633. Based on these complaints, the Inquiry Commission charged Stevenson with several violations of the rules of professional conduct, including: SCR 3.130–1.3, which requires a lawyer to act with reasonable diligence and promptness; SCR 3.130–1.4(a), which requires a lawyer to keep clients reasonably informed about the status of the matter and promptly to comply with reasonable requests for information; SCR 3.130–8.3(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and SCR 3.130–8.1(b), which provides that a lawyer shall not knowingly fail to respond to lawful demands for information from an admission or disciplinary authority.

Respondent failed to file a response to any of the charges, or to contact the Bar Association in any way. Therefore, the Inquiry Commission submitted the matter to the Board of Governors as a default case pursuant to SCR 3.210(1). Respondent has been the subject of four (4) previous suspensions, the most recent being his suspension for five years on February 24, 2000. After a review of the case, the Board of Governors recommended that Respondent be permanently disbarred from the practice of law in the Commonwealth of Kentucky. Respondent failed to request, pursuant to SCR 3.370(8), that this Court review the Board's recommendation. Thus, pursuant to SCR 3.370(10), the recommendation of the Board of Governors is adopted by this Court.

According to the findings of fact of the Board of Governors in KBA File 7597, a client hired Respondent in October of 1998 to collect child support and medical expenses from a former husband. She gave Respondent a check for $500.00 as a retainer, and Respondent cashed the check. When the client later inquired about the status of her case, Respondent told her he was working on the file. Later, in March of 1999, Respondent contacted the client, had her sign some papers, and told her a court date had been set in her matter for early April, 1999. After that date passed, Respondent told the client that no one had appeared on behalf of the former husband and so the hearing had been canceled. Frustrated by this turn of events, the client contacted the Domestic Relations Commissioner, but was told that nothing had ever been scheduled in her case. The client confronted Respondent, who advised her that he could no longer represent her, and promised to return her retainer. He never refunded the retainer.

As a result of Respondent's conduct in this matter, the Board of Governors found him guilty of violating SCR 3.130–1.3; SCR 3.130–1.4(a); SCR 3.130–8.3(c); and SCR 3.130–8.1(b).

In KBA File 7600, a client contacted Respondent in July of 1995 regarding representation in a personal injury case involving claims for medical malpractice. The client provided Respondent with several documents relating to the case. Over the next several years, Respondent told

the client he was attempting to get trial dates. On December 3, 1998, Respondent wrote to the client to inform her that her trial had been set for February 18, 1999. He later told the client the trial had been canceled. At that time, the client made her own inquiries into the status of her case, and learned that no lawsuit had ever been filed.

As a result of Respondent's conduct in this matter, the Board of Governors found him guilty of violating SCR 3.130–1.3; SCR 3.130–8.3(c); and SCR 3.130–8.1(b).

In KBA File 7633, a client met with Respondent in November of 1996 regarding a possible divorce. She paid Respondent $75.00 at the time of their first meeting, $100.00 in December of 1996, $200.00 in April of 1997, and $175.00 in January of 1999. After making the January payment, the client informed Respondent that she wished to proceed with the divorce. Respondent prepared certain documents and provided them to the client, who corrected them and returned them to Respondent. The client received no further documents from Respondent. When she contacted Respondent, he told her she would receive the documents within the next few days. She received no further papers. After becoming frustrated with the delays, the client requested a refund of the payments she had made to Respondent. Respondent gave her no refund, provided no additional paperwork, and never filed the divorce.

As a result of Respondent's conduct in this matter, the Board of Governors found him guilty of violating SCR 3.130–1.3; and SCR 3.130–8.1(b).

Based on Respondent's conduct in all three KBA cases, and based on his four (4) prior suspensions from the practice of law, the Board of Governors voted unanimously to recommend the permanent disbarment of Respondent. Upon the foregoing facts and charges, it is ordered that the Board of Governors' recommendation of permanent disbarment be adopted. It is further ordered that:

1) Respondent, Robert Michael Stevenson, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky and shall not be permitted to apply for reinstatement of his license to practice law. The period of disbarment shall commence on the date of entry of this Order.

2) In accordance with SCR 3.450 and SCR 3.480(3), Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $226.05, and for which execution may issue from this Court upon finality of this Opinion and Order.

3) Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which he has matters pending and all clients, of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

ENTERED: September 28, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE